5064-239-2639

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2011 JAN 11 PM 12:03

LORETTA G. WHYTE
CLERK

Lee Bates
1610 Robert E. Lee Blvd # 325
New Orleans, LA 70122

B8SLeebates@yahoo.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA - NEW ORLEANS
500 POYDRAS STREET, ROOM C-151
NEW ORLEANS, LA 70130 (504)589-7600

Lee Bates,

    Plaintiff,

vs.

TRANSUNION LLC, EXPERIAN INFORMATION SOLUTIONS, EQUIFAX INFORMATION SERVICES LLC, CSC CREDIT SERVICES, MILLENNIUM FINANCIAL G, , ALPAT CO INC, BMW FINANCIAL SERVICES, CHRYSLER FINANCIAL, CRESCENT BANK AND TRUST, ENTERGY GSU, JNR ADJUSTMENT, LAND ROVER, LEASE FINANCE GROUP LL, OFFICE OF STUDENT FINANCE, USA FUNDS, SPRINT NEXTEL, SYNRGTIC COM, NEWMANDROL, PREMIER HONDA, PREMIERHONDA, STELLAR RECV, I R ANAHEIM, INFORMATIVE RESEARCH I, ACCOUNTS RECEIVABLE MG, ALLTEL COMMUNICATIONS, PREMIER NISSAN, ELAVON ACQ, AGGRESSIVE, M R S LLC, DIRECTV, FIA CSNA, ALPHERA, VERIFACTS IN, GENERAL REVENUE COMPAN, MICROBLR, SRA ACCOCIATES,

    Defendant

Cause No: unassigned

**11-051**

**SECT. K MAG. 2**

COMPLAINT

Fee $350
Process
x Dktd
CtRmDep
Doc. No.

[Summary of pleading] - 1

Upon information and belief, and in good faith, Plaintiff, Lee Bates, alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages based upon Defendants' violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. 1681 et seq. and the Federal Debt Collections Practices Act ("FDCPA"). Plaintiff seeks an award of statutory damages, actual damages, punitive damages, and costs.

**JURISDICTION**

2. The jurisdiction of this court is conferred by 15 U.S.C., 1681 (p) and 28 U.S.C. 1331. Venue lies in Orleans Parish in the U.S. District Court, Southwestern District of Louisiana – New Orleans.

**PARTIES**

3. Plaintiff Lee Bates. (Hereinafter "I" or "Plaintiff") is a resident of New Orleans, LA. Plaintiff is a "Consumer" as defined by FCRA 1681(a) of the FCRA.
4. Defendant Trans Union LLC (hereinafter "Trans Union") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681(f). Trans Union is authorized to do business in the State of Texas, with its principal place of business located at 555 West Adams, Chicago, Illinois 60661.
5. Defendant Experian Information Solutions (hereinafter "Experian") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681 (f). Experian is authorized to do business in the State of Texas, with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.
6. Defendant Equifax Information Services LLC (hereinafter "Equifax Information Services") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681(f). Equifax Information Services is authorized to do business in the State of Texas, with its principal place of business located at 1550 Peachtree Street, NW Atlanta, Georgia 30309.
7. Defendant CSC Credit Services (hereinafter "CSC Credit Services") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681(f). CSC Credit Services is authorized to do business in the State of Texas, with its principal place of business located at 652 N. Sam Houston Parkway E. Houston, TX 77060
8. Upon information and belief, Defendant MILLENNIUM FINANCIAL G, is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
9. Upon information and belief, Defendant ALPAT CO INC, is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
10. Upon information and belief, Defendant BMW FINANCIAL SERVIC, is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

11. Upon information and belief, Defendant CHRYSER FINANCIAL, is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
12. Upon information and belief, Defendant CRESCENT BANK AND TRUST, is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
13. Upon information and belief, Defendant ENTERGY GSU, is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
14. Upon information and belief, Defendant JNR ADJUSTMENT COMPANY, is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
15. Upon information and belief, Defendant LAND ROVER, is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
16. Upon information and belief, Defendant LEASE FINANCE GROUP LL, is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
17. Upon information and belief, Defendant OFFICE OF STUDENT FINANCE, is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.
18. Upon information and belief, Defendant USA FUNDS, is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

**FACTUAL ALLEGATIONS**

19. On or about February 19, 2010, I received copies of my credit reports which showed erroneous, inaccurate data regarding my persons and financial and business transactions.
20. I have made numerous attempts to contact the above defendants to rectify and resolve my concerns to no avail.
21. Plaintiff has since been denied credit, and refinancing based on information obtained in consumer reports from Experian, Trans Union, Equifax Information Services and CSC Credit Services. All of which are reporting inaccurate, erroneous and adverse information regarding Plaintiff's credit worthiness and banking transactions.
22. As a direct result and proximate cause of Defendant(s)' continued reporting of erroneous, inaccurate, and adverse information to the credit reporting agencies, Plaintiff has suffered and continues to suffer damages including but not limited to humiliation, embarrassment, and loss of opportunity.

## CAUSE OF ACTION

23. Plaintiff repeats, alleges, asserts/reasserts and incorporates by reference the foregoing paragraphs.
24. Trans Union continues to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.
25. Trans Union continues to willfully, maliciously, and negligently violate FCRA 1681(e)(b), on multiple occasions.
26. As a result of Trans Unions actions, Plaintiff has been damaged.
27. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.
28. Trans Union failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.
29. Trans Union; failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.
30. As a result of Trans Union's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.
31. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.
32. Experian continues to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.
33. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.
34. Experian failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.
35. Experian failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

36. As a result of Experian's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.
37. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.
38. Equifax Information Services Information Services continues to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.
39. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.
40. Equifax Information Services Information Services failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.
41. Equifax Information Services failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.
42. As a result of Equifax Information Services' negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.
43. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.
44. CSC Credit Services; continues to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.
45. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.
46. CSC Credit Services failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.
47. CSC Credit Services failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it

complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

48. As a result of CSC's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

49. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

50. BMW FINANCIAL SERVICES; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

51. SPRINT NEXTEL; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

52. SYNRGTIC COM; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

53. NEWMANDROL; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

54. INFORMATIVE RESEARCH I; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

55. PREMIER HONDA; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

56. STELLAR RECV; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

57. I R ANAHEIM; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

58. ACCOUNTS RECEIVVABLE MG; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

59. ALLTEL COMMUNICATIONS; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

60. PREMIER NISSAN; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

61. ELAVON ACQ; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

62. AGRESSIVE; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

63. M R S LLC; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

64. DIRECTV; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

65. FIA CSNA; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

66. ALPHERA; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
67. VERIFACTS; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
68. GENERAL REVENUE COMPAN; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
69. MICROBLT; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
70. GENERAL REVE; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
71. SRA ASSOCIATES; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:
a. Actual damages in an amount to be shown at trial;
b. Statutory damages pursuant to FCRA 1681n;
c. Punitive damages pursuant to FCRA 1681n;
d. Temporary and permanent injunctive relief restraining Defendants from further reporting of inaccurate and erroneous adverse information regarding Plaintiff's consumer credit information;
e. Costs and reasonable attorney's fees; and
f. Such other relief as may be just and proper.

_____
Lee Bates