UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEE BATES                                                                          CIVIL ACTION

VERSUS                                                                                  No. 11-51

TRANS UNION LLC, ET AL.                                                      SECTION I

ORDER AND REASONS

Before the Court is a motion[1] for judgment on the pleadings pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure filed by defendant, Equifax Information Services LLC

("Equifax").  Plaintiff, Lee Bates, has not filed an opposition.  For the following reasons,

defendant's motion for judgment on the pleadings is **DENIED**.

*BACKGROUND*

Plaintiff initiated this action on January 11, 2011.[2]  The complaint, which names 35

defendants, alleges that there is inaccurate information on plaintiff's credit file.  Plaintiff alleges

that "[o]n or about February 19, 2010, I received copies of my credit reports which showed

erroneous, inaccurate data regarding my persons and financial and business transactions."[3]

Plaintiff claims that he "made numerous attempts to contact the above defendants to rectify and

resolve [his] concerns to no avail."[4]  Plaintiff further claims that "[a]s a direct result and

proximate cause of defendant(s)' continued reporting of erroneous, inaccurate, and adverse

---

[1] R. Doc. No. 5.
[2] R. Doc. No. 1.
[3] Id. at ¶19.
[4] Id. at ¶20.

1

information to the credit reporting agencies," he has been denied credit and refinancing and has

suffered damages including "humiliation, embarrassment, and loss of opportunity."[5]

With respect to Equifax, specifically, plaintiff alleges that defendant "failed to adopt and

follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer

credit and other personal information."[6]  Plaintiff further alleges that Equifax "failed to conduct a

reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i

[sic]."[7]  Defendant moves for judgment on the pleadings arguing that plaintiff's complaint fails

to state a claim for which relief can be granted.

### *LAW*

Federal Rule of Civil Procedure 12(c) states that, "[a]fter the pleadings are closed—but

early enough not to delay trial—a party may move for judgment on the pleadings."  A Rule 12(c)

motion is subject to the same standard applicable to a Rule 12(b)(6) motion to dismiss for failure

to state a claim. *Johnson v. Johnson*, 385 F .3d 503, 529 (5th Cir. 2004).

A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in

dispute and a judgment on the merits can be rendered by looking to the substance of the

pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean*

*Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citing *Hebert Abstract Co. v. Touchstone*

*Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).  When analyzing such a claim, "[p]leadings should

be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed

issues of fact and only questions of law remain." *Id.* ( citing Hughes v. Tobacco Inst ., Inc., 278

F.3d 417, 420 (5th Cir. 2001)).  Further, a district court "may dismiss a claim when it is clear that

the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief."

---

[5] Id. at ¶21.
[6] Id. at ¶41.
[7] Id. at ¶40.

*Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *see Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)).  The Court evaluates the complaint in the light most favorable to the plaintiff and accepts "all well-pleaded facts as true." *Jones*, 188 F.3d at 324. Pursuant to Rule 12(c), the movant must clearly establish that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. *Greenberg v. Gen. Mills Fun Group, Inc.*, 478 F.2d 254, 256 (5th Cir.1973). The issue is whether the plaintiff is entitled to offer evidence to support his claim, not whether he will ultimately prevail on the merits. *Great Plains Trust*, 313 F.3d at 313 (citing *Jones*, 188 F.3d at 324).

As plaintiff is appearing pro se, the Court is permitted to examine his complaint with "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, (1972).  Plaintiff's pleading is to be construed liberally. *U.S. v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).

## *ANALYSIS*

The FCRA imposes a duty upon consumer reporting agencies to conduct a reasonable investigation into any information that a consumer disputes and that the agencies retain in his file. 15 U.S.C. § 1681i; *Pinner v. Schmidt*; 805 F.2d 1258, 1262 (5th Cir. 1986). Specifically, if a consumer directly or indirectly disputes the completeness or accuracy of any item of information in his file, an agency must conduct a reasonable reinvestigation to determine whether the disputed information is indeed inaccurate. 15U.S.C. § 1681i(1)(A).  Within 30 days of notice of the dispute, the agency must either record the current status of the disputed information or delete the information if it is inaccurate, incomplete, or unverifiable. *Id.*; *Cousins v. Trans Union Corp.*,

3

246 F.3d 359, 367 n.11 (5th Cir. 2001).  A negligent violation of this duty subjects the consumer

reporting agency to actual damages resulting from the violation, court costs, and reasonable

attorney's fees. 15 U.S.C. § 1681o; *Pinner*, 805 F.2d at 1262.  A willful violation subjects the

agency to punitive damages as well. 15 U.S.C. § 1681n(a)(2); *Pinner*, 805 F.2d at 1262.

Defendant argues that because plaintiff's allegations are conclusory and not supported by

sufficient factual detail, defendant is entitled to judgment on the pleadings.  However, in

*Williams v. Credit Prot. Ass'n Trans Union, LLC*, 2009 WL 3719407, *1 (N.D. Tex. Nov. 3,

2009), the district court faced factual allegations nearly identical to those made in this case and

the court found that the plaintiff had alleged facts sufficient to survive a motion to dismiss

pursuant to Rule 12(b)(6):

> When Trans Union confirmed his suspicions by providing him
> with copies of credit reports containing erroneous, inaccurate, and
> fraudulent data regarding his personal, financial, and business
> transactions, he alleges, he made numerous attempts to contact
> Tans [sic] Union to rectify and resolve his concerns but to no avail.
> []  He also alleges that Trans Union's continuous dissemination of
> this inaccurate information led to a denial of credit, refinancing,
> and opening of a checking account. []  Plaintiff's complaint thus
> contains "some factual allegations" showing that he disputed the
> accuracy of information retained by Trans Union in his file, that
> Trans Union failed to conduct a reasonable investigation
> concerning the disputed inaccuracy, that Trans Union failed to
> correct the disputed inaccuracy, and that Plaintiff suffered damages
> as a result.  Under *Twombly*, "a complaint attacked by a 12(b)(6)
> motion to dismiss does not need detailed factual allegations." 550
> U.S. at 555.  All it needs is "some factual allegation" showing an
> entitlement to relief and providing "fair notice of the … grounds
> on which the claim rests." *Id.* at 556 n.3; Fed. R. Civ. P. 8(a)(2).
> To the extent of Plaintiff's § 1681i claim, he pleads enough facts
> that, when viewed in the light most favorable to him, state a claim
> to relief that is plausible on its face.

*Id.* at *4 (record citations omitted).

The Court finds the reasoning of the *Williams* court persuasive.  Since plaintiff in this case has similarly alleged that he attempted to dispute the accuracy of information retained by defendant in his file, that defendant failed to conduct a reasonable investigation concerning the disputed inaccuracy, that defendant failed to correct the disputed inaccuracy, and that plaintiff suffered damages as a result, the Court finds that judgment on the pleadings is inappropriate at this time.

For the foregoing reasons,

**IT IS ORDERED** that the defendant's motion for judgment on the pleadings is **DENIED**.


New Orleans, Louisiana, July 21, 2011.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

5